The Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL SCOTT MORGAN, JR.,

Defendant,

and,

KIMBERLY GUADALUPE,

Third-Party Petitioner.

No. CR18-132-RAJ

**ORDER**

THIS MATTER comes before the Court on the Petition for Return of Property to Third Party Pursuant to FRCP 41(g).  The Court, having reviewed the papers and pleadings filed in this matter, hereby FINDS that:

- Federal Rule of Criminal Procedure 41(g) requires the return of all property seized by the government except that which is contraband, subject to forfeiture to the United States or continues to be needed as evidence.  *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999); *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991) ("a defendant's Rule 41[(g)] motion for return of property . . . may be denied if the defendant is not entitled to lawful possession of the seized property as evidence continues.")

ORDER - 1
*United States v. Morgan, Jr., et al.,* CR18-132-RAJ

- "[D]istrict courts have no power to entertain motions to return property seized by the government when there are no criminal charges pending against the movant." *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) (quoting *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993). Rule 41(g) motions made pre-indictment "are treated as civil equitable proceedings, and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." Id.

- "Before a district court can reach the merits of a pre-indictment [Rule 41(g)] motion," the district court must consider whether: (1) 'the Government displayed a callous disregard for the constitutional rights of the movant"; (2) 'the movant has an individual interest in and need for the property he wants returned"; (3) 'the movant would be irreparably injured by denying return of the property"; and (4) "the movant has an adequate remedy at law for the redress of his grievance." *Id.* (quoting *Ramsden* at 324-25 (citing *Richey v. Smith*, 515 F.2d 1239, 1243-44 (5th Cir. 1975)). In this instance, none of the equities listed above support the court exercising its equitable jurisdiction to consider the motion on the merits.

- The seizures were reasonable, the government has not shown callous disregard for the claimant's constitutional rights, and the claimant has not established irreparable harm. The initial seizures were made pursuant to a warrant issued by this Court and continued retention of the evidence is reasonable because it is needed as part of an ongoing criminal investigation or prosecution. *See Labor Force Partners, Ltd. v. United States*, 2006 WL 1328262, *4 (E.D. Cal. 2006) (citing *Matter of Search of Kitty's East*, 905 F.2d 1367, 1375 n. 8 (10th Cir. 1990) (citing Fed. R. Crim. P. 41 Advisory Committee's Note, 124 F.R.D. 397, 428 (1989) ["If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable."]).

ORDER - 2
*United States v. Morgan, Jr., et al.*, CR18-132-RAJ

- The claimant has an adequate remedy at law to challenge the forfeiture of the currency and jewelry seized from the Brier residence and her claim is already the subject of an ancillary proceeding.  In the pending ancillary proceeding, the claimant will have the opportunity to prove to this Court that she has a pre-existing ownership interest in, or is a bona fide purchaser for value of, the currency and jewelry.  A Rule 41(g) petition is not the appropriate mechanism to seek return of these items and there is no basis for the Court to exercise its equitable jurisdiction to consider the Rule 41(g) motion as to those items.  The claimant appears to recognize this in her Reply.  *See* Dkt. No. 848, p. 2.

- All other seized property is evidence in an ongoing investigation.  The claimant has established no need for the property that outweighs the government's need to maintain custody of the property as evidence in the ongoing investigation and criminal prosecutions.  At such time as the property is no longer needed for the criminal investigation, or as evidence during a criminal prosecution, a determination will be made concerning the disposition of that property and the claimant will have an opportunity to assert her claims at that time.  Any such determination at this juncture is premature.

- The attorney's fees provision in 28 U.S.C. § 2465(b) applies only to civil forfeiture proceedings; it does not apply in criminal ancillary forfeiture proceedings such as this one.  *See Synagogue v. United States*, 482 F.3d 1058, 1062 (9th Cir. 2007) ("While [§ 2465](a) covers 'any proceeding' which could include a proceeding involving criminal forfeiture, (b) is limited only to civil proceedings."); *see also United States v. Shanholtzer*, 492 F. App'x. 799, 801 (9th Cir. 2012).

///
///
///
///
///

ORDER - 3
*United States v. Morgan, Jr., et al.*, CR18-132-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

NOW, THEREFORE, THE COURT ORDERS that:

2

    1.       The motion for return of property (Dkt. No. 840) is denied; and

3

    2.       The motion for attorney's fees is denied.

4

5

IT IS SO ORDERED.

6

DATED this 28th day of October, 2020.

7

8

9

The Honorable Richard A. Jones
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

ORDER - 4
*United States v. Morgan, Jr., et al.*, CR18-132-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970