HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

MICHAEL SCOTT MORGAN JR., et al.,

    Defendants.

Case No. 2:18-cr-00132-RAJ

**ORDER**

## I.    INTRODUCTION

This matter comes before the Court on third-party claimant Kimberly Guadalupe's Petition for Return of Property to Third Party Pursuant to 21 U.S.C. § 853. Dkt. # 716. The Government moves for dismissal and, alternatively, for summary judgment on Ms. Guadalupe's petition in the ancillary proceeding regarding $60,909.10 in U.S. currency and approximately $250,000 in jewelry ("Petition"), which had been forfeited by Defendant Michael Morgan, Jr. ("Morgan"). Dkt. # 890. Having reviewed the parties' briefing, relevant record, and applicable law, the Court dismisses all but one of Ms. Guadalupe's property claims.

## II.    BACKGROUND

On June 6, 2018, law enforcement officers conducting a federal criminal investigation searched a residence associated with Morgan and Ms. Guadalupe at 21557

ORDER – 1

35th Place West, Brier, WA 98036 ("the Brier residence") pursuant to search warrants issued by this Court. Dkt. # 890 at 2. Law enforcement officers were seeking evidence of drug trafficking, money laundering, and offenses involving firearms. *Id.* Agents found paperwork bearing Morgan's name, financial documents, 41 cell phones, a money-counting machine, marijuana, a small amount of suspected heroin, six firearms, jewelry, and approximately $60,909.10 in U.S. currency. *Id.*

On June 25, 2019, Morgan was charged with Conspiracy to Distribute Controlled Substances, Unlawful Possession of a Firearm, and Money Laundering. Dkt. # 544. The Government provided notice of its intent to seek forfeiture of the following property in the Superseding Information:

- Any property that constitutes the proceeds of, and/or facilitated, the charged drug-trafficking conspiracy alleged in Count 1, pursuant to 21 U.S.C. § 853(a), including, but not limited to approximately $60,909.10 in U.S. currency, seized on June 6, 2018 in Brier, Washington and approximately $6,772.00 in U.S. currency, seized on June 6, in Bellevue, Washington;

- Any firearms or ammunition involved or used in the unlawful possession of a firearm offense alleged in Count 2, pursuant to 18 U.S.C. § 942(d) and 28 U.S.C. § 2461(c), including but not limited to the six firearms specifically identified in Count 2; and

- Any property involved in the money laundering offenses alleged in Counts 3-71, pursuant to 18 U.S.C. § 982(a)(1), or traceable to such property.

*Id.* at 6–8.

The next day, Morgan pleaded guilty to all three offenses. Dkt. # 548 ¶ 2. He agreed to forfeit to the Government all property that was used or intended to be used to commit the first offense and any property obtained directly or indirectly as a result of the offense, including but not limited to the following: (1) approximately $60,909.10 in U.S. currency seized from the Brier residence; and (2) approximately $6,772 in U.S. currency seized in Bellevue, Washington. *Id.* ¶ 7. Morgan admitted that, within the five years prior to the 2018 search, he conspired with others to distribute controlled substances and

ORDER – 2

did, in fact, distribute controlled substances to others in furtherance of the conspiracy. *Id.* ¶ 9. Morgan further admitted that the $60,909.10 in U.S. currency and jewelry found during the search of the Brier residence and the $6,772 in U.S. currency found on his person when he was arrested in Bellevue, Washington were the proceeds of the sale of drugs as part of the conspiracy. *Id.* ¶ 9(h), (j).

On October 25, 2019, the Court entered a Preliminary Order of Forfeiture of Morgan's interest in the $60,909.10 in U.S. currency and jewelry found during the search of the Brier residence and the $6,772 in U.S. currency seized from Morgan in Bellevue. Dkt. # 675. Morgan admitted, and this Court determined, that the currency and jewelry at issue are the proceeds of Morgan's drug trafficking conspiracy. *Id.* The Government sent notice to Ms. Guadalupe several days later. Dkt. 718-1.

On December 18, 2019, Ms. Guadalupe timely filed the pending Petition seeking the $60,909.10 in U.S. currency and jewelry found during the search of the Brier residence. Dkt. # 716. The Court set an initial discovery schedule at the Government's request. Dkt. ## 718-719. After completing discovery, the Government timely filed the pending motion to dismiss Ms. Guadalupe's Petition for failure to state a cognizable claim under 21 U.S.C. § 853(n)(3) and, alternatively, to grant summary judgment in favor of the Government based on the absence of material fact as to whether Ms. Guadalupe has a cognizable interest in the property pursuant to 21 U.S.C. § 853(n)(6)(A). Dkt. # 890.

### III.   LEGAL STANDARD

Ms. Guadalupe's Petition is governed by 21 U.S.C. § 853(n). Under the statute, a person, other than the defendant, who asserts a legal interest in property which has been ordered forfeited to the Government pursuant to this section, may petition the court for a hearing to adjudicate the validity of her alleged interest in the property. 21 U.S.C. § 853(n)(2). The petition must set forth "the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition

ORDER – 3

of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."  21 U.S.C. § 853(n)(3).

The petitioner has the burden to establish by a preponderance of evidence that (1) she has a legal right, title, or interest in the property, and that such right, title, or interest was superior to that of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property; or (2) she is "a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section."  21 U.S.C. § 853(n)(6); *see also United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005) ("Congress chose to place the burden of proof on the third-party during the ancillary proceeding, since the government would necessarily have carried its burden of proving that the defendant's interest in the property was subject to forfeiture during the criminal trial.") (quoting *United States v. Gilbert,* 244 F.3d 888, 911 (11th Cir.2001)).  State law determines whether a petitioner has a property interest, while federal law determines whether that interest can be forfeited.  *United States v. Hooper*, 229 F.3d 818, 820 (9th Cir. 2000).

Pursuant to Federal Rule of Criminal Procedure 32.2., the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason.  Fed. R. Crim. P. 32.2(c)(1)(A).  "A motion to dismiss a third-party petition in a forfeiture proceeding . . . is treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)."  *United States v. Sigillito*, 938 F. Supp. 2d 877, 883 (E.D. Mo. 2013) (internal citation and quotation marks omitted).  A petition should not be dismissed, therefore, if "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "If a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing."  *United States v. BCCI Holdings (Luxembourg), S.A.*, 919 F. Supp. 31, 36 (D.D.C. 1996);

ORDER – 4

*see also United States v. Sigillito*, 938 F. Supp. 2d 877, 884 (E.D. Mo. 2013) ("The court need not hold a hearing on a petition if it is clear that the petitioner "could not prevail even if [a hearing] were granted").

## IV.    DISCUSSION

Along with her Petition, Ms. Guadalupe submitted to the Court a number of documents in support of her request for the currency and jewelry at issue: (1) her resume, Dkt. # 716-1; (2) her tax returns, Dkt. # 716-2; (3) a letter from the Internal Revenue Service indicating that it had completed an audit of her tax return for the tax period of December 2015 and made no changes to her reported tax, Dkt. # 716-3; (4) a spreadsheet showing her cash withdrawals from her business accounts, with the total cash withdrawal of $11,220 for 2018, Dkt. # 716-4; (5) photographs of Ms. Guadalupe and Mr. Morgan from August 2017 and May 2018, Dkt. ## 716-5, 716-6; (6) an appraisal of jewelry provided at Ms. Guadalupe's request dated May 9, 2018, Dkt. # 716-7; and (7) a receipt of property taken from the Brier residence, Dkt. # 716-8.  Having reviewed the Petition and supporting documentation, the Court finds that, but for one claim, the Petition is deficient as a matter of law.  The Court will address Ms. Guadalupe's claims for currency and jewelry items in turn.

### A. Currency

Ms. Guadalupe claims that the currency taken from the Brier residence belongs to her.  Dkt. # 716 ¶ 8.  She alleges that the "money was a cash reserve that I kept at home for personal emergencies and for business needs that required it." *Id.*  She notes that Morgan "would borrow money from [her] regularly both with and without [her] knowledge, mainly due to his gambling addiction." *Id.*  Morgan knew where the money was stored and would take it and return to the same location. *Id.*  The Petition argues that her right to the currency is supported by evidence:

> The government completely ignores the supporting documentation provided with Ms. Guadalupe's declaration, including a resume showing her work history, comprised largely of businesses that she has owned and run over the last seven

ORDER – 5

years. Ms. Guadalupe also provided her tax returns for the years 2014-2017. Then, to tie the income she has earned with the presence of the case in her home, Ms. Guadalupe provided a spreadsheet of all business withdrawals from 2014 to the date of the raid in June 2018.  She has provided documentation of how and when she acquired the cash that was seized.

Dkt. # 940 at 5.

The Court is unpersuaded.  Ms. Guadalupe's resume, tax returns, and spreadsheet of withdrawals from her business accounts does not demonstrate that the currency found at the Brier residence belongs to Ms. Guadalupe.  Ms. Guadalupe does not proffer any evidence to show that the money she withdrew—over the course of four years—was the currency that was found during the June 6, 2018 search.  Moreover, receipts found during the June 16, 2018 search of the Brier residence from Goldie's Casino and Roman Casino indicated that Morgan had received more than $64,550 in payouts, with $42,050 having been paid out to Morgan in the week prior to the search.  Dkt. ## 890 at 19.

Beyond her conclusory statement that "all the money seized from my home belonged to me," Ms. Guadalupe does not provide sufficient evidence that she has a legal right, title, or interest in the property, and that such right, title, or interest was superior to that of Morgan at the time of the commission of the acts which gave rise to the forfeiture of the property or that she was a bona fide purchaser as required under 21 U.S.C. § 853(n)(6).  In the absence of facts or evidence showing the time and circumstances of her acquisition of the right, title, or interest in the currency, the Petition is deficient.  *See United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) (holding that "a conclusory legal interest" is insufficient to meet the requirements of § 853(n)(3)).  Ms. Guadalupe's petition for the seized currency at issue is therefore dismissed.

## B.  Jewelry

The Court also finds that Ms. Guadalupe fails to meet her burden with respect to the jewelry at issue, except for the purchase of a ring from Zales on January 2, 2015 in the amount of $3,208.03.  Dkt. ## 723-1, 892-8.  Aside from this item, Ms. Guadalupe fails to allege facts and provide evidence supporting her superior interest to Morgan in

ORDER – 6

the jewelry or that she was a bona fide purchaser of the jewelry.  She alleges that "the fine jewelry watches seized by the Government from my home are mine, bought as diversified investments for myself and my child that I had appraised in May of 2018." Dkt. # 716 at 8.  Yet she provides no support for this statement, in the form of receipts, bank statements confirming the purchase of any such watches, or otherwise.  Instead, she points to an appraisal report of a number of watches and other jewelry.  *Id.*  Her request for an appraisal, however, does not prove that she purchased the jewelry nor that she has a legal right, title, or interest in it superior to that of Morgan.

Ms. Guadalupe's assertions that certain items of jewelry were gifts to her son are similarly unsupported with any facts indicating when or how they were acquired.  While Ms. Guadalupe argues that she has standing as a parent to her son's property interest under Washington law, she fails to identify the time or circumstances of acquisition.  Dkt. # 940 at 7.  Her request for jewelry allegedly gifted to her son thus fails for failure to satisfy the requirements of § 853(n)(3).

With respect to a ring, identified as Item 18 on the table, Ms. Guadalupe provides a receipt indicating the time and circumstances of acquisition, including the name and location of the store where purchased, as well as cost and other item details.  Dkt. ## 723-1.  The item is described as 1 3/4 CTTW RING for $3,208.03 from the Zales Outlet in Tulalip.  Ms. Guadalupe's name is on the receipt.  *Id.*  The Court preliminarily finds that, if taken as true, the receipt provides sufficient support that Ms. Guadalupe has a cognizable interest in the ring and meets the requirements of § 853(n)(3).  Although the Government argues that "other documents demonstrate that Morgan paid $3,300 toward the purchase of Item 18," Dkt. # 942 at 5, the Government's evidence is unconvincing. The Government's documentation of Morgan's alleged payment for the ring consists of (1) a receipt for a ring with the same description from Zales dated October 26, 2014; and (2) a generic handwritten receipt indicating that Michael Morgan paid $3,300 on February 16, 2015 for an unidentified item from an unidentified store.  Dkt. # 892-19.

ORDER – 7

The Court is inclined to grant the Petition solely with respect to this one item. Should the Government seek a hearing to adjudicate the validity of Ms. Guadalupe's interest in the ring, the Government must request one within two weeks of this Order.  If the Government does not request a hearing, the Court's preliminary finding of Ms. Guadalupe's interest in the ring will convert into a ruling granting in part the Petition with respect to the ring identified in Item 18 and dismissing the remainder of the Petition.

## V.    CONCLUSION

For the foregoing reasons, the Court **DISMISSES in part** Ms. Guadalupe's Petition, reserving judgment solely on Ms. Guadalupe's interest in a ring, as discussed above.  Should the Government seek to challenge the validity of Ms. Guadalupe's interest in the ring, it must file a request for a hearing within fourteen days (14 days) of the date of this Order.  Otherwise, the Court will issue a final judgment granting the Petition solely with respect to the ring at issue and dismissing the remainder of the Petition.

DATED this 6th day of May, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER – 8