HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

MICHAEL SCOTT MORGAN JR., et al.

  Defendants.

Case No. 2:18-cr-00132-RAJ

**ORDER**

## I. INTRODUCTION

This matter comes before the Court on third-party claimant Kimberly Guadalupe's Second Petition for Return of Property to Third Party Pursuant to FRCP 41(g). Dkt. # 960. The Government opposes the motion. Dkt. # 968. For the reasons below, the motion is DENIED.

## II. BACKGROUND

On September 21, 2020, Ms. Guadalupe filed her first Petition for Return of Property to Third Party Pursuant to FRCP 41(g) seeking the return of all property seized pursuant to the search conducted at the Brier residence. Dkt. # 840. The Court denied the motion, based on several findings. First, the Court found that the Government had not shown callous disregard for the claimant's constitutional rights, the seizures were reasonable, and Ms. Guadalupe had not established irreparable harm. Dkt. # 849 at 2.

ORDER – 1

1  Next, the Court found that Ms. Guadalupe had an adequate remedy at law to challenge
2  the forfeiture of the currency and jewelry seized from the Brier residence and that her
3  claim was the subject of an ancillary proceeding. *Id.* at 3.  Finally, the Court determined
4  that all other seized property was evidence in the ongoing investigation and that Ms.
5  Guadalupe had not established a need for the property that outweighs the Government's
6  need to maintain custody of the property as evidence. *Id.*

7  On February 9, 2022, Ms. Guadalupe filed the pending motion requesting the
8  return of all property listed on the receipt of property on June 6, 2018 excluding that
9  which she requested in the ancillary proceeding.  Dkt. # 960.  She notes that the
10 prosecution of Michel Morgan Jr. ("Morgan"), her ex-boyfriend who was a defendant in
11 the matter before the Court, is complete and he has since passed away.  Dkt. # 960-1 ¶¶ 1,
12 3.  Ms. Guadalupe asserts that Morgan's "death, along with the promises made by the
13 Government, mean that retention of the items seized cannot be for any valid law
14 enforcement reason." *Id.* ¶ 3.

15 A week later, the Government filed an opposition, arguing that the property at
16 issue should not be returned at this time because it "continues to be held as evidence in
17 the ongoing investigation and criminal prosecutions arising from it."  Dkt. # 968 at 1.
18 The Government explains that Morgan's criminal case is one of many cases that arose
19 from an investigation by law enforcement, which revealed "a massive conspiracy to
20 distribute large amounts of cocaine, and heroin," as well as smaller amounts of other
21 drugs.  *Id.* at 3.  The investigation also uncovered gang activity, including discussion of
22 firearms and past violent acts.  *Id.*  The Government contends "[a]t least one fugitive
23 remains at large, at least one matter is still on appeal, and related investigations remain
24 ongoing."  *Id.*  The property that Ms. Guadalupe seeks to recover is "potentially evidence
25 in these other proceedings," according to the Government.  *Id.*  The Government also
26 notes that it has already provided Ms. Guadalupe with copies of all documents seized
27 from the Brier residence, including copies of business records she has requested.  *Id.* at 4.
28 ORDER – 2

The Court recently dismissed, for the most part, Ms. Guadalupe's Petition for Return of Property of Third Party Pursuant to 21 U.S.C. § 853. Dkt. # 985. The Court now addresses Ms. Guadalupe's request for the remainder of property seized during the June 6, 2018 search at the Brier residence. Dkt. # 960.

### III. DISCUSSION

"[T]he government is permitted to seize evidence for use in investigation and trial, but . . . such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture." *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999). A person aggrieved by the deprivation of property may file a motion under Federal Rule of Criminal Procedure 41(g) to request the return of the property. Fed. R. Crim. P. 41(g). A district court has jurisdiction to consider such a motion after the termination of criminal proceedings against the defendant. 192 F.3d at 376. Such a motion is treated as a civil proceeding for equitable relief. *Id.*

When a motion for a return of property is made before an indictment is filed but a criminal investigation is pending, the claimant bears the burden to demonstrate that he is entitled to the property. *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987). "However, when the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation, the burden of proof changes." *Id.*

Here, although the criminal proceedings against Morgan have terminated, the Government has not abandoned its investigation of the conspiracy of which he was a part. The Government states that the investigation remains ongoing with at least one fugitive at large and one appeal pending. The property at issue is potentially evidence in proceedings related to the massive conspiracy at the center of this matter.

Because the property at issue here is still needed for evidentiary purposes, the Court denies the request. *See United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991) (holding that a Rule 41(g) motion may be denied "if the defendant is not

ORDER – 3

entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues"). Ms. Guadalupe has not established a need for the property that outweighs the Government's need for the property for evidentiary purpose in the ongoing investigation and prosecutions. Moreover, any need she may have had for her business records has been addressed as the Government has provided her with copies of all of the documents, including business records, seized from the Brier residence.

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Ms. Guadalupe's Second Rule 41(g) Petition. Dkt. # 960. Ms. Guadalupe may re-assert her claims to the property at issue when it is no longer necessary for evidentiary purposes.

DATED this 10th day of May, 2022.

*[signature]*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4